UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GRIGORIY SHCHERBAKOVSKIY,

                           Plaintiff                         03 CV 1220 (RPP)

              - against -
                                        **OPINION AND ORDER**

HOWARD G. SEITZ and DA CAPO AL FINE,
LTD.,

                           Defendants.
----------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

     By order dated August 20, 2009 the Court raised, *sua sponte*, the issue of subject

matter jurisdiction, noting that based on its review of the record, it appeared that Plaintiff

Grigoriy Shcherbakovskiy was a citizen of the United States at the time the complaint in

this action was filed and subject matter jurisdiction was based solely on diversity of

citizenship pursuant to 28 U.S.C. § 1332(a).  Because the complaint alleged Plaintiff was

a resident of Russia and because "United States citizens 'domiciled abroad are neither

citizens of any state of the United States nor citizens or subjects of a foreign state,' so that

[28 U.S.C.] '§ 1332(a) does not provide that the courts have jurisdiction over a suit to

which such persons are parties,'" Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315,

322 (2d Cir. 2001) (quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir.

1990)), the Court directed the parties to submit supplemental memoranda of law, along

with any necessary affidavits, demonstrating when Plaintiff became a United States

citizen and explaining the basis for subject matter jurisdiction.

     After review of the parties' submissions, by order dated September 11, 2009, the

Court noted that there appeared to be a genuine issue of fact as to where Plaintiff was

domiciled at the time the complaint was filed and directed Plaintiff to appear for an

evidentiary hearing where counsel would have the opportunity to examine him on the

issue of his domicile as of February 24, 2003, the date of the complaint in this action.

After numerous adjournments, the hearing was held on November 23, 2009.  The parties

submitted simultaneous post-hearing briefs addressing the issue of Plaintiff's domicile on

December 18, 2009.  For the reasons discussed herein, the Court finds that Plaintiff was

domiciled in Connecticut as of February 24, 2003 and that the Court therefore has subject

matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**I.  November 23, 2009 Evidentiary Hearing**

The following evidence was presented at the November 23, 2009 hearing, in the

form of live testimony from the Plaintiff and documentary evidence submitted by both

Plaintiff and Defendants.  Plaintiff Grigoriy Shcherbakovskiy was born in what is now St.

Petersburg, Russia in 1965.  (Nov. 23, 2009 Hearing Transcript ("Tr.") at 4.)  In 1995, he

bought a house in Bloomfied, Connecticut, which he sold in 1997 or 1998.  (Id. at 5-6.)

Plaintiff testified that he spent almost the entire year of 1995 "and, I think 1996, too" in

the United States.  (Id. at 7.)  He testified that when he arrived in the United States, he

"used the status of a refugee" because he was persecuted by communists as a Jew.  (Id. at

34-35.)  Plaintiff testified that after 1996 "I spent less and less time in the United States.

But at some point, I had to spend some time during a year in order to maintain my status

of a permanent resident."  (Id. at 7)  Plaintiff became a United States citizen in 2001.  (Id.

at 6.)  He testified that "[a]fter 2001, I did not stay in the United States more than a week

per year."  (Id. at 8.)  Plaintiff was married in 1996 and his wife has never lived in the

United States.  (Id.)  He testified further that his wife became an American citizen "a year

or two years ago." (Id. at 9.) Plaintiff has three children who have never lived in the United States. (Id.)

As of 2003, Plaintiff testified that he owned no property in the United States and was not registered to vote in the United States. (Id. at 10.) On the other hand, in 2003, Plaintiff had a United States bank account and a United States driver's license. (Id.) As of 2003, Plaintiff owned a car in Russia (and no car in the United States), all of his family's doctors were in Russia, and he was a member of a synagogue in Russia (and had never been a member of a synagogue in the United States). (Id. at 10-12.) Plaintiff was also employed in St. Petersburg in 2003. (Id. at 12-13.)

For calendar year 2003, Plaintiff filed both United States federal and Connecticut state income tax returns, as well as amended tax returns for both federal and state returns. (See Declaration of Aaron M. Zeisler dated December 18, 2009 ("Zeisler Decl.") Exs. B, C, D, E.) On each of the four returns Plaintiff filed for calendar year 2003, he listed his home address as 52 Sandhill Road, Weatogue, Connecticut. Plaintiff's Form W-2 Wage and Tax Statement for calendar year 2003 lists $15,000 in wages, tips and other compensation from Independent Power Technologies, Inc. in the Bronx, New York – a company founded by Plaintiff on May 9, 2003. (See Zeisler Decl. Exs. B, F; Tr. at 64-67.)

Plaintiff offered into evidence a breakdown of utilities payments for his home in St. Petersburg in 2003 and testified that he made no maintenance payments for any apartment or home in the United States in 2003 because he did not own an apartment or home in the United States in 2003. (Tr. at 32-33; Plaintiff's Hearing Exhibit ("Pl. Ex.") 12.) Plaintiff testified unequivocally that he was not a resident of Connecticut in 2003

(Tr. at 30) and that from the time he was married in 1996 to the present, he and his wife have lived in St. Petersburg (Id. at 9).

## II. Discussion

For the purpose of determining whether federal diversity jurisdiction exists, a court will examine the citizenship of the parties at the time the action is commenced. Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). An individual's citizenship is shown by his domicile. Id. at 948. Once established, an individual's domicile in a particular jurisdiction will continue absent sufficient evidence of change and "[a] party alleging that there has been a change of domicile has the burden of proving [it] by clear and convincing evidence." Bank of India v. Subramanian, No. 06 Civ. 2026 (WHP), 2007 WL 1424668, at *3 (S.D.N.Y. May 15, 2007) (quoting Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)). To demonstrate a change of domicile, the party asserting the change must show, by clear and convincing evidence, both residence in a new domicile and the intention to remain there. Linardos, 157 F.3d at 948.

It is undisputed that Plaintiff was domiciled in Connecticut as of 1996 based on his residence at a house he owned in Connecticut and his status as a legal permanent resident in the United States. Plaintiff claims that between 1996 and the filing of this complaint in February 2003, he changed his domicile from Connecticut to St. Petersburg, Russia. In support of this position, Plaintiff presented evidence tending to show that he was domiciled in St. Petersburg Russia from 1996 until the present, mainly in the form of live testimony from the Plaintiff. Plaintiff supplemented his live testimony with certain documentary evidence demonstrating limited visits to the United States during 2003 (Pl. Ex. 1) and utility payments made in connection with his St. Petersburg residence (Pl. Ex.

12).  Defendants countered with documentary evidence, including Plaintiff's federal and Connecticut state tax returns for 2003 where he listed a Connecticut address as his home address (Zeisler Decl. Exs. B, C, D, E.) and the certificate of incorporation for a New York company founded by Plaintiff in May 2003 (Zeisler Decl. Ex. F).  Defendants further argue that Plaintiff's testimony at the November 23, 2009 hearing was self-serving and not credible, and therefore the Court should disregard it.

Plaintiff testified that he and his wife have lived in St. Petersburg since their marriage in 1996 (Tr. at 9), but also testified that he became a United States citizen in August of 2001 (Id. at 6).  Defendants correctly point out that these two assertions are inconsistent because an applicant for United States citizenship must "*reside[] continuously* within the United States from the date of the application up to the time of admission to citizenship."  8 U.S.C. § 1427 (emphasis added).  (See also Defendants' Post-Hearing Memorandum on Subject Matter Jurisdiction at 1-2 & n.1, 8.)  Similarly, Plaintiff's assertion that his wife has never resided in the United States (Tr. at 8) is inconsistent with his testimony that his wife became a United States citizen in 2007 or 2008 (Id. at 9).  These apparent contradictions in Plaintiff's hearing testimony about his and his wife's naturalization demonstrate that either Plaintiff's hearing testimony was mistaken or paperwork submitted in connection with his and his wife's naturalization contained false statements, and, at a minimum, call into question the reliability of Plaintiff's testimony at the November 23, 2009 hearing.

In his post-hearing submission and at the hearing, Plaintiff's counsel represented that they were merely presenting the facts to the Court and were taking no position as to the legal question of where the Plaintiff was domiciled in February 2003.  (Tr. at 3;

Plaintiff's Post-Hearing Brief of the Issue of Domicile ("Pl. Mem.") at 1.)  Plaintiff

further argues that while "the weight of the evidence points to St. Petersburg as

Shcherbakovskiy's domicile in 2003" this Court should nonetheless exercise jurisdiction

for reasons of judicial economy and fairness.  (Pl. Mem. at 1, 9.)  Notwithstanding

Plaintiff's position that this Court should exercise jurisdiction, given the procedural

posture of this case, the Court cannot ignore Plaintiff's potential incentive to see this

matter dismissed for lack of subject matter jurisdiction.  On January 30, 2004, Judge

Brieant, who presided over the case from September 2003 until its remand by the Court

of Appeals in July 2007, dismissed Plaintiff's claims as a sanction for refusal to obey

discovery orders.  The propriety of Judge Brieant's sanction is before the Court now,

after the issue was remanded with instructions by the Court of Appeals, and has been

fully briefed by the parties.  Given the possibility that Judge Brieant's previous sanction

will be upheld and a December 2004 jury verdict of $1.9 million in favor of Defendants

on their counterclaims will be reinstated, Plaintiff has an incentive to see this case

dismissed for lack of subject matter jurisdiction.

        A court should not rely on self-serving declarations in evaluating where a party

was domiciled for the purposes of diversity jurisdiction.  See Bank of India, 2007 WL

1424668, at *4.  See also Willis v. Westin Hotel Co., 651 F. Supp. 598, 601 (S.D.N.Y.

1986) (a party's "subjective statements . . . of intent to make [a particular jurisdiction]

one's home, of course, cannot suffice for a finding of state citizenship if such statements

are belied by objective indicia of actual residence and intent."); Bevilaqua v. Bernstein,

642 F. Supp. 1072, 1074 (S.D.N.Y. 1986) ("[a] party's own statements concerning his

intentions are relevant, but they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent.").

It is undisputed that Plaintiff was domiciled in Connecticut as of 1996. The Court further finds that Plaintiff remained domiciled in Connecticut as of August 2001, by virtue of his naturalization as a United States citizen. Given the apparent inconsistencies in Plaintiff's testimony related to his and his wife's place of domicile when compared to his testimony about the timing of his and his wife's naturalization as United States citizens, and given Plaintiff's strong incentive to see this case dismissed at this stage, the Court is hesitant to place great weight on Plaintiff's testimony at the November 23, 2009 hearing. Therefore, in the face of the documentary evidence submitted by Defendants tending to show Plaintiff was domiciled in Connecticut during 2003, Plaintiff's testimony that he was domiciled in Russia and the documentary evidence submitted by Plaintiff are insufficient to show a change in domicile by clear and convincing evidence. Based on the evidence submitted at the hearing and the presumption that one's domicile continues absent clear and convincing evidence of a change, the Court finds Plaintiff Grigoriy Shcherbakovskiy was domiciled in Connecticut at the time the complaint in this action was filed. Because Defendants are citizens of New York, this Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

The Court will hear oral argument in this case on April 7, 2010 at 10:00am. The parties should be prepared to discuss Defendants' pending motion for an order affirming Rule 37(b) sanctions imposed by Judge Brieant and Plaintiff's pending motion for summary judgment.

IT IS SO ORDERED.

Dated: New York, New York
March 23, 2010

Robert P. Patterson, Jr.

U.S.D.J.

Copies of this order were faxed to:

Eric R. Levine
Stephen L. Weinstein
Eiseman, Levine, Lehrhaupt & Kakoyiannis, P.C.
805 Third Avenue
10th Floor
New York , NY 10022
(212) 752-1000
Fax: (212) 355-4608

Aaron Mark Zeisler
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York , NY 10169
(212) 818-9200
Fax: (212) 818-9606

8